**Conor Huseby, OSB #06373**
**Assistant Federal Public Defender**
Email: conor_huseby@fd.org
101 SW Main Street, Suite 1700
Portland, OR  97204
Tel: (503) 326-2123
Fax: (503) 326-5524

**Attorney for Defendant**

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. 3:20-cr-00464-SI |
| Plaintiff, | |
| v. | **REQUEST FOR DISCOVERY** |
| **PHILLIP JOHN WENZEL,** | |
| Defendant. | |

    The defendant, Phillip Wenzel, through his attorney, Conor Huseby, advises the Court and the government of his request, pursuant to Federal Rule of Criminal Procedure 16 and the United States Constitution, that the United States Attorney disclose, produce, and make available for examination and copying by defense counsel, or his agents, the items described below, whether currently in the possession, custody, control, or knowledge of the United States Attorney, or any law enforcement agent, or which by the exercise of due diligence may become known to the attorneys for the government, including but not limited to all state actors involved in the investigation, arrest, booking, release, and prosecution related to the events underlying the federal

indictment. This request implicates both the federal statutes and rules as well as the Constitution. Rule 16 of the Federal Rules of Criminal Procedure is "intended to prescribe the minimum amount of discovery to which the parties are entitled. It is not intended to limit the judge's discretion to order broader discovery in appropriate cases." *United States v. Armstrong*, 517 U.S. 456, 475 (1996) (Breyer, J., concurring) (quoting Fed. R. Crim. P. 16 advisory committee's note to 1974 amendment).

Moreover, under the principles of *Brady v. Maryland*, 373 U.S. 83 (1963), the individual prosecutor has a "'*duty to learn*' of any favorable evidence known to the others acting on the government's behalf in the case, including the police." *United States v. Price*, 566 F.3d 900, 903 (9th Cir. 2009) (emphasis in original) (quoting *Kyles v. Whitley*, 514 U.S. 419, 437 (1995)); U.S. Dep't of Justice, *U.S. Attorneys' Manual*, § 9-5.001(B)(2) (2014). The pretrial duty to disclose information favorable to the defense does not involve a prosecutorial assessment of materiality:

> [T]he 'materiality' standard usually associated with Brady ... should not be applied to pretrial discovery of exculpatory materials.... [J]ust because a prosecutor's failure to disclose evidence does not violate a defendant's due process rights does not mean that the failure to disclose is proper.... [T]he absence of prejudice to the defendant does not condone the prosecutor's suppression of exculpatory evidence.... [Rather,] the proper test for pretrial disclosure of exculpatory evidence should be an evaluation of whether the evidence is favorable to the defense, i.e., whether it is evidence that helps bolster the defense case or impeach the prosecutor's witnesses.... [I]f doubt exists, it should be resolved in favor of the defendant and full disclosure made.... [T]he government [should therefore] disclose all evidence relating to guilt or punishment which might reasonably be considered favorable to the defendant's case, even if the evidence is not admissible so long as it is reasonably likely to lead to admissible evidence.

*Price*, 566 F.3d 913 n. 14 (quoting *United States v. Acosta*, 357 F .Supp.2d 1228, 1239–40 (D.Nev.2005)). The government has a continuing duty to disclose the foregoing evidence as soon as the government or any of its agents discovers its existence. *See* Rule 16(c); *Pennsylvania v. Ritchie*, 480 U.S. 39, 60 (1987); *Broam v. Bogan*, 320 F.3d 1023, 1030 (9th Cir. 2003).

In light of the foregoing, the defendant requests the government to produce discovery of the following:

1. All state or federal reports relating the circumstances of any search involving the defendant or his property or any other search related to this case, including but not limited to the searches and seizures of his person, his telephone, and any electronic surveillance before or after the time of arrest (listing any items seized and any information obtained as a result of these searches) as necessary to prepare motions to suppress evidence. Rule 16(a)(1); 12(b)(3); 41(h).

2. All written or recorded statements of the defendant including, but not limited to, overheard conversations to third parties and telephone calls to which he was a party. *See* Rule 16(a)(1)(B); *United States v. Bailleaux*, 685 F.2d 1105, 1114 (9th Cir. 1982).

3. The substance of all oral statements of the defendant to any government agent. Rule 16(a)(1)(A).

4. Any agent's underlying rough notes of the statements requested in items 2 and 3 above. *See United States v. Harris*, 543 F.2d 1247, 1253 (9th Cir. 1976) (requiring preservation of rough notes of interviews with the accused); *United States v. Layton*, 564 F. Supp. 1391, 1395 (D. Or. 1983) (exercising discretion under Rule 16 to order disclosure of notes of interview with defendant).

5. A copy of the defendant's record of prior convictions and the FBI rap sheet. Rule 16(a)(1)(D).

6. All video or audio recordings, photographic images, records of communication, papers, documents, tangible objects, material to preparing the defense, including but not limited to:

- Any audio or video recordings, or still images, of the defendant prior to, during, and after her arrest including in the booking and detention area prior to the defendant's release from custody. The defendant specifically requests all audio or video from an interview that took place in a Portland Police Bureau conference room in which the police admit they told the defendant they could "berate" him because he had berated them. In addition, the defendant requests information on whether AV1 was present during the interview in the conference room. The defendant also requests all "body camera" footage from officers involved in the defendant's arrest;

- Any law enforcement radio traffic or other network communication about the defendant or the commission of the alleged offense by the defendant, or records derived from such network communications;

- Any evidence reflecting any access or search of the defendant's telephone and/or the defendant's telephone network activity at any time and by any means including any type of electronic surveillance, forensic search, or incidental viewing, including any evidence of downloading or saving of any material or data from the telephone;

- Any evidence of any access of telecommunications network traffic, use of international mobile subscriber identity-catchers, communications network surveillance, interception of mobile phone traffic and/or location tracking; or telecommunications company-provided network traffic relating to the defendant or anyone believed to be associated with the defendant;

- Any evidence of accessing, saving, monitoring any social media relating to the defendant, or anyone believed to be associated with the defendant, by any means, including material residing on devices controlled by the defendant or others, or on publically available social media and internet-based platforms.;

- Any text messages, emails, recorded statements, or other evidence reflecting communication contact by any law enforcement personnel with private individuals or third parties regarding the defendant, whether from private or government sources;

- Any text messages, emails, recorded statements, or other evidence reflecting statements by any law enforcement personnel relating to the defendant;

- Any evidence relating to the dismissal of state charges, including but not limited to emails, texts, and other communications with any party reflecting a determination that the state charges against the defendant should not be brought or could not be proved.

7. Any evidence, including, but not limited to, the items in request 6 above that are intended for use by the government as evidence in its case-in-chief. Rule 16(a)(1); Rule 12(b)(4)(B).

8. Any and all results or reports of physical or mental examinations and of scientific tests or experiments, including, but not limited to, analysis related to lasers, video or audio recordings, fingerprints, voice prints, handwriting, and any forensic analysis of digital devices, including providing the defense access to such data in the native file format if doing so is necessary to allow the defense access to the complete data available to the Government. *See* Rule 16(a)(1)(F).

9. A written summary of all expert-witness testimony the government intends to offer in its case-in-chief, whether or not the expert has prepared a written report, describing "the witnesses' opinions, the bases and reasons therefor, and the witnesses' qualifications." Rule 16(a)(1)(G).

10. A description of any prior conviction or prior "similar act" the government will seek to introduce at trial. Fed. R. Evid. 404(b)(2) (requiring "reasonable notice in advance of trial . . . of the general nature of any such evidence").

11. The personnel files of each law enforcement agent who will testify in the case. The Assistant U.S. Attorney should direct that such files be examined for evidence of any allegations that any officer has ever made a false statement, has a reputation for dishonesty, has indicated bias toward persons with the defendant's characteristics, or has a history of using excessive force. *United States v. Henthorn*, 931 F.2d 29, 30-31 (9th Cir. 1991); *see Kyles*, 514 U.S. at 437 (stating that the "prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf").

12. Reports and records relating to any eavesdropping, wiretapping, or electronic recording of any kind relating to this case or this defendant. *See* 18 U.S.C. §§ 3504; 2510-22.

13. All notes or other writings or documents used by a prospective government witness before the grand jury. *United States v. Wallace*, 848 F.2d 1464, 1470-71 (9th Cir. 1988) (holding that witness's notes were discoverable under Jencks Act because the witness "referred to and used the notes while testifying before the grand jury, thus 'adopting or approving' the notes as her own statements").

14. The names and addresses of all percipient witnesses known to the government whom the government does not intend to call at the trial. *United States v. Cadet*, 727 F.2d 1453, 1469 (9th Cir. 1984).

15. The arrest and conviction record of each prospective government witness. *United States v. Alvarez*, 358 F.3d 1194, 1207-08 (9th Cir. 2004) (the defense is entitled to disclosure of *Brady* material in presentence reports); *Carriger v. Stewart*, 132 F.3d 463, 480 (9th Cir. 1997) ("obligation to turn over all information bearing on that witness's credibility"); *United States v. Strifler*, 851 F.2d 1197, 1202 (9th Cir. 1988) (criminal records of witnesses must be disclosed even if contained in a witness's probation file).

16. Any evidence that a criminal case has recently been dismissed against any prospective government witness. *See Giglio v. United States*, 405 U.S. 150, 151 (1972) (requiring disclosure of promise that witness "would not be prosecuted if he testified for the government"); *United States v. Smith*, 77 F.3d 511, 513-15 (D.C. Cir. 1996) (holding that the dismissal of two felony cases pending against prosecution witness was material to impeachment and should have been disclosed pursuant to *Brady*); *United States v. Anderson*, 881 F.2d 1128, 1138-39 (D.C. Cir. 1989).

17. Any evidence that any prospective government witness has any criminal charge pending against him or her. *United States v. Fried*, 486 F.2d 201, 203 (2d Cir. 1973) (stating that a pending indictment can be relevant to bias and motive of witness); *United States v. Maynard*, 476 F.2d 1170, 1174 (D.C. Cir. 1973) (same).

18. Any evidence that any prospective government witness is under investigation by federal or state authorities. *United States v. Chitty*, 760 F.2d 425, 428 (2d Cir. 1985).

19. Reports, records, or memoranda of federal or state agencies which describe, refer to, or otherwise comment upon their relationship with any informant involved in this case. U.S. Const. amend. VI; *Roviaro v. United States*, 353 U.S. 53, 60-62 (1957).

20. Any evidence of express or implicit understandings, offers of immunity, special treatment while in custody, or of past, present, or future compensation between the government or any of its agents and any prospective government witness or his agent. *See Giglio*, 405 U.S. at 152-55 (agreement not to prosecute); *Jackson v. Brown*, 513 F.3d 1057, 1070-71 (9th Cir. 2008) (promise to write letter asking that witness serve sentence elsewhere); *United States v. Boyd*, 55 F.3d 239, 245-46 (7th Cir. 1995) (favors to cooperating witnesses); *Edwardo-Franco*, 885 F.2d at 1010 (earnings of informant in past cases); *United States v. Shaffer*, 789 F.2d 682, 689-90 (9th Cir. 1986) (moneys paid for ongoing undercover cooperation in another case).

21. Any evidence that any prospective witness has applied for, or requested from the government, any consideration or benefit including, but not limited to, any plea bargain, dismissal of any charge, sentence reduction or early parole, whether or not the government agreed to such a request. *United States v. Sedaghaty*, 728 F.3d 885, 898-902 (9th Cir. 2013); *Maxwell v. Roe*, 628 F.3d 486, 509-11 (9th Cir. 2010).

22. Any evidence of any discussion about, or advice concerning, any plea bargain or requested benefit between the government and any prospective witness. *Silva v. Brown*, 416 F.3d 980, 986 (9th Cir. 2005) (holding that the government should have disclosed "the full extent of the prosecution's deal" with the witness); *Horton v. Mayle*, 408 F.3d 570, 578-79 (9th Cir. 2005) (finding material the failure to disclose leniency deal with witness); *United States v. Blanco*, 392 F.3d 382, 392 (9th Cir. 2004) ("[S]pecial immigration treatment by the INS and the DEA was highly relevant impeachment material."); *United States v. Kojayan*, 8 F.3d 1315, 1322, 1324-25

(9th Cir. 1993) (reversing conviction and remanding case to consider dismissal as sanction for government's failure to disclose deal between government and non-testifying witness).

23. The full scope of any witness's past cooperation with the government including, but not limited to, all monies, benefits and promises received in exchange for cooperation, the full extent of the witness's assets, and the status of the witness's present and past income tax liability. *Shaffer*, 789 F.2d at 688-89 & n.7; *see Maxwell*, 628 F.3d at 511-12 (holding that witness's prior history as an informant should have been disclosed); *Singh v. Prunty*, 142 F.3d 1157, 1161-62 (9th Cir. 1998) (finding reversible error in prosecutor's failure to disclose cooperation agreement with key witness against defendant); *Edwardo-Franco*, 885 F.2d at 1009-10 (evidence of past services highly relevant to bias and interest); *Bagley v. Lumpkin*, 798 F.2d 1297, 1302 (9th Cir. 1986) (reversing for failure to disclose contracts that would give impeachment evidence against key witnesses who were hired by government to investigate the defendant); *see also Blanco*, 392 F.3d at 392 (special immigration treatment from INS and DEA).

24. All statements of any prospective witness relevant to his testimony or relevant to impeachment, including all inconsistent statements, and bias. *See Kyles*, 514 U.S. at 454; *United States v. Abel*, 469 U.S. 45, 52 (1984) ("Proof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony.")

25. Any evidence that any prospective government witness has made a statement inconsistent with or contradictory to any statement by any other person, whether or not a prospective witness. *See United States v. Kohring*, 637 F.3d 895, 906-07 (9th Cir. 2010) (requiring disclosure of informant's previous inconsistent statements); *United States v. Minsky*, 963 F.2d 870,

872, 874-75 (6th Cir. 1992) (requiring disclosure of third party's statements to FBI contradicting witness).

26. Any evidence that any government witness has threatened another government witness in an attempt to influence his testimony. *United States v. O'Conner*, 64 F.3d 355, 359-60 (8th Cir. 1995).

27. Any evidence that a witness has engaged in crimes even though he has not been convicted of those crimes. *United States v. Osorio*, 929 F.2d 753, 761 (1st Cir. 1991) (stating that a prosecutor "using a witness with an impeachable past has a constitutionally derived duty to search for and produce impeachment information requested regarding the witness"); *Powell*, 287 F.2d at 280-81 (requiring disclosure of witness's admission to prosecutor that he engaged in several crimes); *Burnside*, 824 F. Supp. at 1271-72 (granting new trial to disclose ongoing illegal drug use by cooperating witnesses); *United States v. Boffa*, 513 F. Supp. 444, 500 (D. Del. 1980) (requiring pretrial disclosure of witnesses' prior bad acts); *see Giglio*, 405 U.S. at 154 (holding as material any evidence that witnesses might not be credible).

28. Any evidence that any prospective government witness has ever made any false statement to law enforcement authorities. *Benn v. Lambert*, 283 F.3d 1040, 1056 (9th Cir. 2002) (finding *Brady* violation in failure to disclose evidence that key witness had previously falsely accused defendant of murder); *Carriger*, 132 F.3d at 481 ("The telling evidence that remained undisclosed included . . . [the witness's] long history of lying to the police and blaming others to cover up his own guilt."); *United States v. Bernal-Obeso*, 989 F.2d 331, 335 (9th Cir. 1993) ("[A] lie to the authorities paying for his services by an informant-witness about his felony criminal record would be relevant evidence as to the informant's credibility."); *Brumel-Alvarez*, 991 F.2d at 1463 (requiring disclosure of evidence that witness lied during investigation); *Minsky*, 963 F.2d

at 875 (requiring disclosure of witness's false statements to FBI); *Strifler*, 851 F.2d at 1202 (requiring disclosure of probation file listing instances of the witness lying to authorities).

29. Any evidence that any witness has a tendency to lie or exaggerate his testimony. *United States v. Price*, 566 F.3d 900, 903 (9th Cir. 2009) (reversing for failure to discover or disclose witness's history of fraud and dishonesty); *Brumel-Alvarez*, 991 F.2d at 1458 (requiring disclosure of DEA agent's negative view of informant's credibility); *Strifler*, 851 F.2d at 1202 (requiring disclosure of probation file showing witness's tendency to lie or "overcompensate").

30. Any evidence that any prospective witness has consumed alcohol or drugs prior to witnessing or participating in the events that gave rise to his testimony or any time prior to testifying in court. *See Benn*, 283 F.3d at 1056 ("[E]vidence that [a witness] was using drugs during the trial would reflect on his competence and credibility . . . [and] his ability to recollect or perceive the events."); *Burnside*, 824 F. Supp. at 1265 (granting a new trial for failure to disclose witnesses' continuing drug use, which was relevant to the witnesses' abilities to recollect and relate events, and because the government condoning the drug use was something "from which a fact finder could infer that these witnesses may have wanted to stay on the government prosecutors' good side and adjusted their testimony accordingly").

31. Any medical, psychological or psychiatric evidence tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired.

32. Any evidence that a prospective government witness is biased or prejudiced against the defendant or has a motive to lie, exaggerate, falsify or distort his testimony. *See United States v. Bagley*, 473 U.S. 667, 683 (1985) (requiring disclosure that witnesses might have been biased against defendant); *Strifler*, 851 F.2d at 1202 (requiring disclosure of information regarding the

witness's motive to inform against the defendant), *see also Napue v. Illinois*, 360 U.S. 264, 270 (1959) (holding that some evidence of bias does not diminish the value of other evidence of bias).

33. Any impeaching or bad character evidence relating to any government witness, especially informants. *Giglio*, 405 U.S. at 154 (holding that evidence affecting credibility of witnesses is material); *Price*, 566 F.3d at 907 ("*Brady* encompasses impeachment evidence, and evidence that would impeach a central prosecution witness is indisputably favorable to the accused."); *Carriger*, 132 F.3d at 497-80 ("[T]he prosecution has a duty to learn of any exculpatory evidence known to others acting on the government's behalf."); *Bernal-Obeso*, 989 F.2d at 335 ("[I]t is essential that relevant evidence bearing on the credibility of an informant-witness be timely revealed . . . to defense counsel as required by *Giglio* . . . .").

34. Any evidence that a prospective government witness has not passed a polygraph examination or had inconclusive results. *Carter v. Rafferty*, 826 F.2d 1299, 1305-09 (3d Cir. 1987) (oral reports of polygraph examination should have been disclosed).

35. Any evidence that someone other than the defendant committed, or was ever suspected of committing, the crime charged. *Brady*, 373 U.S. at 84-86 (requiring disclosure of accomplice's statement that he, not defendant, did actual shooting); *United States v. Jernigan*, 492 F.3d 1050, 1051 (9th Cir. 2007) (reversing for failure to disclose that similar crimes continued after defendant's arrest); *United States v. Crosby*, 75 F.3d 1343, 1346 (9th Cir. 1996) (reversing for exclusion of evidence that implied person other than defendant was the guilty party).

36. Any evidence that the government or any of its agents has ever viewed a prospective government witness as not truthful or reliable. *Brumel-Alvarez*, 991 F.2d at 1458 (reversing where prosecution withheld a report that would have impeached a witness).

37. The name of any person, whether or not he will be a witness, who could not identify the defendant or was unsure of her identity or her participation in the crime charged, and the content of any such statement. *See Kyles*, 514 U.S. at 453-54 (requiring disclosure of inconsistent witness identifications).

38. Any physical or other evidence tending to exculpate the defendant in whole or in part, tending to mitigate punishment, or tending to impeach a government witness, including evidence related to pretrial motions to suppress evidence or to dismiss charges. *United States v. Soto-Zuniga*, 837 F.3d 992, 1001 (9th Cir. 2016); *United States v. Barton*, 995 F.2d 931, 935 (9th Cir. 1993).

39. The name of every prospective government witness to be called at trial. *See Arizona v. Manypenny*, 672 F.2d 761, 765 (9th Cir. 1982) (noting court's inherent authority to order discovery of names of witnesses).

Dated this 13th day of October, 2020.

                                                 */s/ Conor Huseby*
                                                 Conor Huseby
                                                 Attorney for Defendant